```
 1  Joshua G. Graubart (SBN 309735)
    jggraubart@graubartlaw.com
 2  LAW OFFICES OF
 3     JOSHUA GRAUBART, P.C.
    1177 Avenue of the Americas,
 4     5th Floor
 5  New York, NY  10036
    Telephone:  (646) 781-9321
 6
 7  Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cameron DAVIDSON, an individual, | Index No. _____ |
| Plaintiff, | |
| v. | COMPLAINT AND JURY DEMAND |
| ZOCHA GROUP, LLC, a Delaware corporation, and John Does, individuals, | |
| Defendants. | |

Plaintiff Cameron Davidson ("Davidson"), by and through undersigned counsel, brings this Complaint and Jury Demand against defendant ZOCHA GROUP, LLC ("Zocha"), and defendants John Does (collectively the "Doe Defendants") for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff Davidson brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, distribute and publicly display Davidson's original copyrighted works of authorship.

2. Davidson is an award-winning professional photographer whose work focuses on aerial and landscape photography. Davidson has been named one of the 200 Best Advertising Photographers Worldwide four times by *Luerzer's Archive*, and *American Photographer's* Landscape Photographer of the Year. His clients include *Air and Space*, *Audubon*, *Field & Stream, National Geographic*, and *Vanity Fair*. Davidson resides in Alexandria, Virginia.

3. Upon information and belief, Defendant Zocha is a Delaware corporation maintaining its principal office in Santa Monica, California. A true and correct copy of Zocha's entity information from the online database of the California Secretary of State, dated March 8, 2021, is attached hereto as **Exhibit 1**. A copy of a page from Zocha's website, attached hereto as **Exhibit 2**, shows Zocha using one of Davidson's photographs to promote Zocha's travel concierge services.

4. Davidson alleges that Zocha copied a photograph in which Davidson holds copyright, and distributed and/or publicly displayed that photograph in order to advertise, market, and promote Zocha's business activities.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, et seq.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 USC §§ 1331 and 1338(a).

1  7.  Zocha is subject to personal jurisdiction in California, and venue in this district is proper under 28 U.S.C. § 1400(a), because Zocha's primary place of business is in this district.

## THE WORK AT ISSUE

8.  Davidson owns the copyright to the photograph which is shown below and referred to herein as the "Registered Work".

9.  Davidson registered the Registered Work with the Register of Copyrights on July 29, 2014 and was assigned the registration number VAu 1-254-965. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit 3**. At all relevant times Davidson was the owner of the Registered Work.

## ZOCHA'S INFRINGEMENT

10. On a date after the Registered Work was registered with the Register of Copyrights, but prior to the filing of this action, Zocha copied the Registered Work.

11. After Zocha copied the Registered Work, it distributed and/or publicly displayed the Registered Work on the internet to promote Zocha's services.

12. Davidson has never given Zocha permission or authority to copy, distribute, or publicly display the Registered Work.

13. Davidson notified Zocha of the allegations set forth herein by email and U.S. Mail in March 2020, and again in April 2020.

14. Zocha has agreed to remove the Registered Work from its website, but has declined to pay a license fee for its use of the Registered Work.

15. Davidson has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT 1

## DIRECT COPYRIGHT INFRINGEMENT - DAMAGES

16. Davidson incorporates the allegations of paragraphs 1-15 of this Complaint as if fully set forth herein.

17. Davidson holds a valid copyright in the Registered Work.

18. Davidson registered the Registered Work with the Register of Copyrights pursuant to U.S.C. § 411(a).

19. Zocha, subsequent to Davidson's registration of the Registered Work, copied, displayed, and/or distributed the Registered Work at issue without Davidson's authorization in violation of 17 U.S.C. § 106.

20. Zocha performed the acts alleged in the course and scope of its business activities.

21. Despite removing the Registered Work from Zocha's site, Zocha has declined to compensate Davidson for its use of the Registered Work.

22. Zocha's public display of the Registered Work constitutes infringement pursuant to 17 U.S.C. § 504(c)(2), and Davidson is entitled to his choice of (i) his actual damages plus Zocha's profits attributable to the infringement or (ii) statutory damages in an to be determined at trial of between $750 and $30,000, plus his costs and attorneys' fees pursuant to 17 U.S.C. §505.

## COUNT 2

## VICARIOUS AND/OR CONTRIBUTORY

## COPYRIGHT INFRINGEMENT - DAMAGES

23. Davidson incorporates the allegations of paragraphs 1-23 of this Complaint as if fully set forth herein.

24. On information and belief, certain officers, proprietors and/or agents of Zocha (the "Doe Defendants"), and each of them, knowingly induced,

participated in, aided and abetted, and resultantly profited from the illegal reproduction, distribution and/or public display of the Registered Work.

25. On information and belief, the Doe Defendants had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

26. By reason of the Doe Defendants' acts, Plaintiff is entitled to damages in an amount to be determined at trial.

## COUNT 3

## COPYRIGHT INFRINGEMENT - PERMANENT INJUNCTION

27. Davidson incorporates the allegations of paragraphs 1-27 of this Complaint as if fully set forth herein.

28. Davidson holds a valid copyright in the Registered Work.

29. Davidson registered the Registered Work with the Register of Copyrights pursuant to U.S.C. § 411(a).

30. Zocha subsequently copied, publicly displayed, and/or distributed the Registered Work at issue without Davidson's authorization in violation of 17 U.S.C. § 106.

31. Zocha performed the acts alleged in the course and scope of its business activities.

32. As a direct and proximate result of Zocha's infringement, Davidson has been damaged.  The harm caused to Davidson threatens to resume, and is thus not wholly compensable by monetary damages.

33. Accordingly, pursuant to 17 U.S.C. §502, Davidson is entitled to permanent injunctive relief barring defendants from further reproduction, distribution and public display of the Registered Work.

WHEREFORE, Davidson prays for judgment against the defendants that:

a. Zocha, the Doe Defendants, and Zocha's officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing further acts in violation of 17 U.S.C. § 106;

b. Zocha and/or the Doe Defendants be required to pay Davidson his actual damages and Zocha's profits attributable to the infringement, or, at Davidson's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Davidson be awarded his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505; and

d. Davidson be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Davidson hereby demands a trial by jury of all issues so triable.

DATED: March 31, 2021             Respectfully submitted,

*/s/ Joshua Graubart*
**LAW OFFICES OF JOSHUA GRAUBART, P.C.**
Joshua Graubart

*Attorneys for Plaintiff*